Electronically FILED by Superior Court of California, County of Los Angeles on 06/28/2021 03:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk
Case 2:21-cv-05995-RGK-AS   Document 1-1   Filed 07/23/21   Page 1 of 16   Page ID #:5
21STCV23876

**SUM-100**

# SUMMONS  EXHIBIT A
## *(CITACION JUDICIAL)* Page 1 of 16

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ACE AMERICAN INSURANCE COMPANY and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WEBER METALS, INC.

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles County Superior Court
Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):* 21STCV23876

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Philip E. Cook (SBN 149067); pcook@cooklawfirm.la; Phone: 213-988-6100
THE COOK LAW FIRM, P.C.,
601 S. Figueroa Street, Suite 2050, Los Angeles, CA 90017

DATE: 06/28/2021                          Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*                                  Clerk, by M. Barel , Deputy
                                           *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ACE AMERICAN INSURANCE COMPANY
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

21STCV23876
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mel Red Recana
Electronically FILED by Superior Court of California, County of Los Angeles on 06/28/2021 03:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

EXHIBIT A
Page 2 of 16

1  Philip E. Cook (State Bar No. 149067)
      pcook@cooklawfirm.la
2  Brian J. Wright (State Bar No. 166753)
      bwright@cooklawfirm.la
3  THE COOK LAW FIRM, P.C.
   601 S. Figueroa Street, Suite 2050
4  Los Angeles, CA 90017
   Telephone: (213) 988-6100
5  Facsimile: (213) 988-6099

6  Lauren Leider (State Bar No. 286353)
      lauren.leider@wickphillips.com
7  WICK PHILLIPS GOULD & MARTIN, LLP
   3131 McKinney Avenue, Suite 500
8  Dallas, Texas 75204
9  Telephone: (214) 692-6200
   Facsimile: (214) 692-6255
10
   Attorneys for Plaintiff
11 WEBER METALS, INC.

12
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
13
                       FOR THE COUNTY OF LOS ANGELES
14

15
16 WEBER METALS, INC.,                         Case No. 21STCV23876

17              Plaintiff,                     **COMPLAINT FOR:**

18      vs.                                    **(1) BREACH OF INSURANCE
   ACE AMERICAN INSURANCE COMPANY                  CONTRACT;**
19 and DOES 1 through 10, inclusive,
                                                **(2) BREACH OF THE IMPLIED DUTY
20              Defendants.                         OF GOOD FAITH AND FAIR
                                                    DEALING;**
21
                                                **AND DEMAND FOR JURY TRIAL**
22

23
24
25
26
27
28

**COMPLAINT**

Plaintiff Weber Metals, Inc. ("Weber" or "Plaintiff"), for its Complaint against Defendant ACE American Insurance Company ("ACE" or "Defendant") and Does 1 through 10, alleges as follows:

## PARTIES

1. Plaintiff Weber is a California corporation who resides, and at all times relevant to this Complaint has resided, in Los Angeles County, California.

2. Defendant ACE is a Pennsylvania corporation who, at all times relevant to this Complaint, has insured losses taking place in, and conducted business in, Los Angeles County, California. ACE may be served with process in this action by serving its registered agent, CT Corporation System, at 330 N. Brand Blvd. Glendale, CA 91203.

3. Weber is unaware of the true names and capacities, relationships and extent of participation in the conduct alleged against the defendants sued herein as Does 1 through 10, inclusive, but is informed and believes that the Doe defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Weber will seek leave of court to amend this Complaint to allege the true names and capacities of said fictitiously named defendants when ascertained.

4. Weber is informed and believes that each of the defendants acted as agent, employee, servant, principal, partner, joint venture or co-conspirator of the other defendants and acted within the scope of its authority as such agent, employee, servant, principal, partner, joint venture, or co-conspirator of the other defendants; and that each defendant aided and abetted, approved, and/or ratified the alleged acts and omissions of the other defendants and/or the acts of each cross-defendant are legally attributable to the other defendants.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to the California Constitution, article XI, section 10 and California Code of Civil Procedure, section 410.10. ACE transacted business and/or committed the acts alleged in the State of California, and each cause of action alleged herein arises under the laws of the State of California and/or is subject to adjudication in the courts of the State of California.

6. Venue is proper in Los Angeles County pursuant to California Code of Civil Procedure section 395, as ACE operates in Los Angeles County, ACE issued the applicable policy of insurance to Weber in Los Angeles County, ACE is obligated to perform its obligations under that contract in Los Angeles County, Weber's property loss took place in Los Angeles County, and all or a substantial part of ACE's acts and/or omissions giving rise to the liability alleged in this Complaint occurred in Los Angeles County.

## FACTS

7. Located in Paramount, California, Weber is a leading manufacturer and supplier of high-performance aluminum and titanium forged structural components for the aerospace industry. Though it has grown to 275+ employees, Weber is a family-owned business that employs multiple members and generations of many families.

Weber's Machinery Loss

8. Weber's component products are forged using hydraulic presses. Weber's hydraulic presses range in force from 3,600 tons to 60,000 tons, reach heights of up to ten stories tall and forge aircraft components weighing up to 15,000 pounds.

9. Weber owns and has operated the Mesta-Pahnke closed-die forging press (the "Mesta press") in its Paramount facility. The Mesta press was used to forge aluminum and titanium aircraft parts. A rotating team of at least seven Weber employees operated and supervised the Mesta press during the production process.

10. The Mesta press is a massive piece of machinery, standing about 48 feet tall. Key components of the Mesta press include four columns that are attached to the upper and lower crossheads by sixteen tie-rods. The columns, tie-rods and crossheads form the main structural frame of the forging press. The four columns, located at each corner of the press, span the Mesta press's full height. The four columns are identified as the northeast (NE), northwest (NW), southeast (SE) and southwest (SW) columns.

11. The top and bottom ends of each column are connected to a ringnut by two tie-rods. The tie-rods serve to maintain contact of the bearing surfaces to safely transfer the forging load through the press frame. The tie-rods accomplish this by counteracting the bending forces

imposed on the columns during operation, which reduces bending in the columns. Without the tie-rods, the columns will experience a high bending load during the press's forging operation. Such bending from a lack of tie-rod support would result in very high stress loads on the columns' inner surface.

12. Upon original installation in the Mesta press, the tie-rods were pre-tensioned to manufacturer's specifications using hydraulic tensioning tools. (Pre-tensioning involves tightening the tie-rods to clamp surfaces together).

13. Tie-rods are designed to have an infinite fatigue life.

14. On July 31, 2008, the tie-rods at the bottom ends of the Mesta press columns were re-tensioned using an industry-accepted heat tightening procedure that was co-developed with the press manufacturer, rather than the hydraulic tensioning tools used during the original installation.

15. The tie-rods were subjected to ultrasonic examination every 1-2 years to inspect for signs of cracking or damage. The Mesta press tie-rods were last inspected by ultrasonic examination in December 2016. No indications of cracking were detected at that time.

16. On September 21, 2018, the Mesta press suffered a catastrophic breakdown during the forging process. The Mesta press was in operation and had reached a load of 18,000 tons when suddenly, and without any warning, a loud "bang" was heard.

17. The "bang" was the fracturing of four of the eight bottom tie-rods. The southwest left tie-rod fractured first and was completely ejected from its column. After the southwest left tie-rod fractured, additional load was transferred to the remaining three tie-rods, causing them to fracture in rapid succession. The three remaining fractured tie-rods were found loose in their columns.

18. The Mesta press immediately went offline and became non-operational.

19. During inspections after the September 21, 2018 accident, large fractures were discovered in two of the four Mesta press columns (the northeast and southwest columns). The fractures extended both widthwise and along the sides of the columns, spanning approximately 90% of the columns' cross-section. The fractures rendered the columns, and thus the Mesta press, completely inoperable.

Weber's Insurance Policy

20. Immediately following the accident, Weber notified ACE of the loss and made a claim (the "Claim") under ACE commercial property insurance policy No. EPRN14319487, which covered policy period January 1, 2018 to January 1, 2019 (the "Policy"). ACE has a copy of the Policy; if requested, Weber will provide it and/or amend this Complaint to attach it.

21. The Policy is an "all risks" policy that insures Weber's property against all risks of direct physical loss or damage occurring during the Policy's policy period, except as specifically excluded or limited.

22. The Policy also includes a Boiler and Machinery Endorsement (the "Endorsement"), which has a $50 million coverage limit, excess of a $1 million deductible.

23. The Endorsement separately insures against: (a) direct physical loss to Weber's property, (b) losses and expense resulting from the necessary interruption of Weber's business, and (c) extra expense, all as resulting from an "**Accident**" to an "**Object**."

24. The Endorsement defines an "**Accident**" to mean

> "a sudden and accidental breakdown of an Object or a part thereof which manifests itself at the time of its occurrence by physical damage that necessitates repair or replacement of the Object or part thereof."

25. The Endorsement defines an "**Object**" to mean

> "any ... mechanical or electrical machine or apparatus used for the generation, transmission or utilization of mechanical or electrical power."

26. The Exclusions section of the Endorsement provides that "**Accident**" shall not include loss "from depletion, deterioration, corrosion or erosion, wear and tear ...." (the "Deterioration Exclusion").

27. The Claim satisfies each of the Endorsement's requirements for coverage:

(a) the Mesta press is a mechanical or electrical machine used for the generation, transmission or utilization of mechanical or electrical power,

-5-
COMPLAINT

(b) the Mesta press suffered direct physical loss,

(b) the Mesta press's breakdown was sudden and happened at a definable point in time on September 21, 2018,

(c) the Mesta press's breakdown was not expected and thus accidental,

(d) the Mesta press's breakdown manifested itself and was readily observable when it occurred, and

(e) the Mesta press sustained physical damage to the tie-rods and columns that necessitated repair or replacement.

28. As a result of the September 21, 2018 accident, Weber suffered loss for physical damage, extra expense and business interruption in excess of the Endorsement's $50 million coverage limit.

<u>ACE's Denial of Coverage</u>

29. ACE was obligated to promptly investigate the Claim, accept coverage and pay Weber's loss, up to the applicable coverage limit.

30. Instead, after taking nearly two years to issue a coverage position, ACE issued an untimely, wrongful and result-oriented coverage denial for the Claim on July 14, 2020.

31. As part of its coverage denial under the Policy's main insuring agreement, ACE concluded that: (a) "the tie-rods failed as a result of the failure to properly pre-tension the tie-rods in accordance with the manufacturer's approved guidelines in 2008"; and (b) "the failure of the tie-rods is excluded from the all-risk coverage provided by the policy based on the exclusions for faulty workmanship...." Thus, according to ACE, faulty workmanship caused the tie-rod failure.

32. Significantly, faulty workmanship is a covered cause of loss under the Endorsement and the Endorsement contains no faulty workmanship exclusion. Despite this, ACE wrongfully denied coverage under the Endorsement based on the Endorsement's Deterioration Exclusion.

33. The Deterioration Exclusion narrowly provides that an Accident shall not include loss "**from** depletion, deterioration, corrosion or erosion, wear and tear..." Under California law, "[a]n insurance policy's coverage provisions must be interpreted broadly to afford the insured the

greatest possible protection, while a policy's exclusions [like the Deterioration Exclusion] must be interpreted narrowly against the insurer."[1]

34. Importantly, ACE has admitted that the tie-rod failure was not "from" deterioration or wear and tear. ACE has acknowledged that tie-rods have an infinite life cycle under normal operating conditions. ACE has also stated that, but for improper pre-tensioning, the tie-rods would not have failed. Finally, ACE has concluded that, after the southwest left tie-rod failed, "additional load was transferred to the remaining tie-rods, causing them to fracture in rapid succession." None of these failures, according to ACE's own description of them, is deterioration or wear and tear.

35. By its plain language, the Deterioration Exclusion applies only to loss "from" deterioration, wear and tear—i.e., natural deterioration from the normal and ordinary use of the press—and for that reason does not apply to the Claim. Alternatively, the Deterioration Exclusion is ambiguous and must be construed narrowly and in Weber's favor.

36. Even if the Deterioration Exclusion applied (and it does not), the exclusion would not bar coverage for the Claim. Under California's efficient proximate causation doctrine, when a loss results from a combination of covered and specifically excluded risks, the loss is covered if the covered risk is the "efficient proximate cause" of the loss.[2] Because any alleged deterioration was, per ACE's own admission, caused by the covered peril of faulty workmanship, the tie-rod failure is covered by the Endorsement.

37. ACE also wrongfully denied coverage for the resulting column failure. The sudden failure of the tie-rods caused the columns to fracture to a degree that rendered the columns inoperable. This only makes sense, as the very function of the tie-rods is to keep the columns from bending during the forging process. All four of the bottom tie-rods failed in rapid succession while the Mesta press was operating with a load of 18,000 tons. As a result, the

---

[1] *Energy Ins. Mut. Ltd. v. Ace Amer. Ins. Co.* (2017) 14 Cal.App.5th 281, 291 citation omitted; see *Arenson v. Nat'l Auto. & Cas. Ins. Co.* (1995) 45 Cal.2d 81, 83 (exclusions must be "construed strictly against the insurer, and liberally in favor of the insured").

[2] See, e.g., *State Farm Fire and Cas. Co. v. Von Der Lieth* (1991) 4 Cal.3d 1123, 1131.

-7-

COMPLAINT

1 columns experienced an immediate impact load that initiated and/or propagated large cracks that

2 physically damaged the columns and rendered them unusable.

3       38. ACE denied coverage for the column failure on the grounds that the column

4 cracking was neither related to, nor made worse by, the tie-rod failure. Instead, and incredibly,

5 ACE posits that the columns only experienced gradual fatigue cracking over the years that was

6 wholly unrelated to (and completely unaffected by) the September 21, 2018 accident.

7       39. ACE denied coverage for the Claim even though ACE's own investigation

8 established that: (a) "the reduced pretension in the bottom tie-rods caused an increase in the

9 alternating and mean stresses at the bottom of the NE and SW columns, which resulted in fatigue

10 cracking of these columns"; and (b) "the actual, lower pretension value applied to the bottom tie-

11 rods (both the pretension value specified by the manufacturer and the reduced pretension due to

12 the improper re-tensioning of the bottom tie-rods in 2008), would result in a shorter fatigue life

13 for the columns...." ACE's investigation, in fact, emphasizes the fact that the tie-rod improper

14 pre-tensioning would have the effect of reducing the columns' life cycle by at least 95%.

15 Nonetheless, ACE simultaneously and erroneously argues that the sudden and complete failure of

16 four bottom tie-rods while the Mesta press was actively operating with an 18,000-ton load

17 somehow had no effect whatsoever on the columns.

18       40. In sum, ACE denied coverage for the tie-rods, even though ACE has admitted each

19 of the following: (a) the first bottom tie-rod (which should have had an infinite life cycle) failed

20 not because of ordinary use or wear and tear, but because of faulty workmanship; (b) faulty

21 workmanship is a covered cause of loss under the Endorsement; and (c) three other bottom tier-

22 rods (which also should have had infinite life cycles) failed in rapid succession due to the

23 transferred load of the first tie-rod. ACE also denied coverage for the columns, denying any

24 causal connection between the September 21, 2018 tie-rod failure and the column failure, even

25 though ACE has admitted the direct physical effect that improper tie-rod pre-tensioning causes to

26 the columns.

27

28

41. Weber spent considerable effort after receiving ACE's July 2020 coverage denial to explain the inconsistencies of ACE's positions, the flaws in ACE's conclusions, and ACE's misguided reliance on the Deterioration Exclusion under both the policy's wording and California's efficient proximate causation doctrine. Though it took ACE two years to initially deny coverage, it took ACE only two weeks to dismiss (without substance) Weber's detailed plea for reconsideration.

### FIRST CAUSE OF ACTION
### (Breach of Contract against ACE)

42. The foregoing allegations are incorporated herein by reference.

43. The Policy is a valid, written and enforceable contract that provides coverage to Weber as an insured.

44. The Policy unambiguously obligates ACE to cover the Claim. Alternatively, the Policy is ambiguous and/or reasonably susceptible to more than one reasonable interpretation and must be construed in favor of coverage for Weber and/or consistent with Weber's reasonable coverage expectations.

45. All conditions precedent, conditions, covenants and/or duties required to be performed by Weber under the Policy have been timely and fully performed by Weber or have been waived by ACE.

46. ACE has breached the Policy by wrongfully denying coverage for, and refusing to pay, the Claim.

47. Weber has been damaged as a direct and proximate result of ACE's breach of the Policy.

48. Weber seeks to recover its actual and consequential damages directly and proximately resulting from ACE's breach of the Policy in an amount to be proved at time of trial.

### SECOND CAUSE OF ACTION
### (Breach of the Implied Duty of Good Faith and Fair Dealing against ACE)

49. The foregoing allegations are incorporated herein by reference.

50. Under California law, an insurer owes its insured a duty of good faith and fair dealing. That duty is implied into the terms of every insurance policy in California. The Policy

thus contains implied promises, among others, that ACE would deal fairly and in good faith with Weber, would give Weber's financial interests at least equal consideration to its own interests, and would not do anything to injure, frustrate or interfere with Weber's right to receive the full benefits of the Policy.

     51.    ACE tortiously breached the implied covenant of good faith and fair dealing by, among other things:

a. Failing to conduct a prompt investigation of the Claim,

b. Failing to affirm or deny coverage within a reasonable time,

c. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of the Claim,

d. Unreasonably denying coverage for, and unreasonably refusing to pay, the Claim,

e. Denying coverage for the Claim without providing a reasonable explanation of the basis relied on in the Policy, in relation to the facts or applicable law, for the denial,

f. Asserting grounds for denial of coverage that it knows are not supported by and/or are contrary to the terms of the Policy, the law and/or the facts,

g. Failing to reasonably investigate all the facts of the Claim before denying coverage,

h. Interpreting the Policy's terms in an unreasonable manner, and in a manner inconsistent with applicable California law, solely to avoid providing insurance policy benefits to Weber for which it paid and was entitled to under the Policy,

i. Failing to fully inquire into possible bases that might support coverage for Weber's Claim and negate ACE's attempt to avoid its duty to pay Weber for covered losses,

j. Misrepresenting to Weber the coverages and benefits afforded to it under the Policy,

k. Failing to adopt and implement reasonable standards for the prompt investigation and processing of insurance claims,

l. Establishing and following a claims review procedure that was calculated and intended at the outset to "justify" the denial of the Claim, and

m. Unjustly enriching itself at Weber's expense by refusing to pay the Claim.

52. Weber reserves the right to assert, allege and prove additional bad faith acts and omissions by the Defendants as they are uncovered in discovery.

53. As a direct and proximate result of ACE's tortious breaches of the implied duty of good faith and fair dealing, Weber has sustained consequential damages in an amount to be proven at time of trial. These damages include, but are not limited to, the economic damages sustained by Weber as a result of it being forced to expend its own funds to disassemble, inspect and repair the Mesta press and otherwise respond to the September 21, 2018 tie-rod and column failures. As a result of being forced to dedicate its own funds for such purposes, Weber lost the opportunity to put its money to more productive uses and/or to invest that money elsewhere.

54. As a further direct, proximate and legal result of ACE's foregoing breaches of its implied duty of good faith and fair dealing, Weber has also incurred significant attorney's fees and expenses in vindicating its right to payment of the Claim under the Policy. Pursuant to the holding in *Brandt v. Superior Court* (1985) 37 Cal. 3d 813, Weber is entitled to recover its attorney's fees and expenses incurred in obtaining the insurance benefits wrongfully and in bad faith withheld by ACE.

55. ACE has acted with oppression, fraud and/or malice by disregarding, without justification, Weber's rights under the Policy. Accordingly, Weber is entitled to recover punitive damages in an amount to be proved at time of trial.

56. ACE's conduct, as described in this Complaint, was undertaken by ACE's authorized officers or managing agents who were responsible for claims handling, investigations, communications, and decisions. The conduct of these individuals and managing agents was therefore undertaken on behalf of ACE. Further, ACE had advanced knowledge of the actions and conduct of those individuals, whose actions and conduct were ratified, authorized and approved by managing agents and by corporate officers or managing agents.

-11-
COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Weber prays for judgment against ACE as follows:

1. On its First Cause of Action:

    a. Damages in an amount to be proved at time of trial; and

    b. Interest, including prejudgment interest, in a sum to be determined at time of trial.

2. On its Second Cause of Action:

    a. Damages in an amount to be proved at trial;

    b. Consequential damages, in amounts to be proved at time of trial, including without limitation attorney's fees and costs incurred by Weber in this action, pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, in obtaining the benefits to which it is entitled under the Policy;

    c. Exemplary damages, in an amount to be proved at time of trial; and

    d. Interest, including prejudgment interest, in a sum to be determined at time of trial.

3. As to both causes of action:

    a. For cost of suit incurred herein; and

    b. For such other and further relief as this Court may deem just and proper.

Dated: June 28, 2021

WICK PHILLIPS GOULD & MARTIN, LLP

THE COOK LAW FIRM, P.C.

By: *[signature]*
Philip E. Cook
Attorneys for Plaintiff
WEBER METALS, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: June 28, 2021

WICK PHILLIPS GOULD & MARTIN, LLP

THE COOK LAW FIRM, P.C.

By: *[signature]*
Philip E. Cook
Attorneys for Plaintiff
WEBER METALS, INC.



**EXHIBIT A**
**Page 15 of 16**

**Service of Process Transmittal**
06/30/2021
CT Log Number 539829500

| | |
|---|---|
| **TO:** | Paul Bech<br>Chubb<br>436 Walnut St<br>Philadelphia, PA 19106-3703 |
| **RE:** | **Process Served in California** |
| **FOR:** | ACE American Insurance Company  (Domestic State: PA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | WEBER METALS, INC., Pltf. vs. ACE AMERICAN INSURANCE COMPANY, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV23876 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/30/2021 at 15:34 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/30/2021, Expected Purge Date: 07/05/2021<br><br>Image SOP<br><br>Email Notification,  Incoming Legal  incominglegal@chubb.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / DC

Case 2:21-cv-05995-RGK-AS   Document 1-1   Filed 07/23/21   Page 16 of 16   Page ID #:20

**EXHIBIT A**
**Page 16 of 16**              

# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Jun 30, 2021

**Server Name:** Douglas Forrest

| Entity Served | ACE AMERICAN INSURANCE COMPANY |
|---|---|
| Case Number | 21stcv 23876 |
| Jurisdiction | CA |

